O
JS-6

# United States District Court
# Central District of California

| | |
|---|---|
| KEVIN A. ALFARO,<br><br>               Plaintiff,<br><br>    v.<br><br>DELTA AIR LINES, INC.,<br><br>               Defendant. | Case № 2:22-cv-04222-ODW (AGRx)<br><br>**ORDER DISMISSING TRESPASS TO CHATTEL CLAIM; ORDER DISMISSING CASE FOR LACK OF SUBJECT MATTER JURISDICTION** |

## I. INTRODUCTION

On June 21, 2022, Plaintiff Kevin A. Alfaro filed this action in federal court against Defendant Delta Air Lines, Inc. to recover for damage to luggage and for expenses arising from a cancelled flight. (Compl., ECF No. 1.)  The Court ordered Alfaro to show cause regarding (1) the sufficiency of his claims, and (2) why the Court should not dismiss the action for lack of subject matter jurisdiction. (Second Order Show Cause ("Second OSC"), ECF No. 38.)  For the reasons discussed below, the Court finds that Alfaro fails to sufficiently plead a claim for trespass to chattel and **DISMISSES** that claim.  The Court further finds that Alfaro fails to establish subject matter jurisdiction and **DISMISSES** the action.

## II. BACKGROUND

In determining whether Alfaro sufficiently states a trespass to chattel claim, the Court takes Alfaro's well-pleaded factual allegations as true. *Lee v. City of Los Angeles*, 250 F.3d 668, 679 (9th Cir. 2001). Similarly, the Court assumes Alfaro's well-pleaded factual allegations to be true for the purpose of the facial inquiry into subject matter jurisdiction. *Leite v. Crane Co.*, 749 F.3d 1117, 1121 (9th Cir. 2014).

On February 28, 2022, Alfaro purchased from Delta a non-stop first-class ticket for a May 21, 2022 flight from Tampa, Florida to Los Angeles International Airport ("LAX"). (First Am. Compl. ("FAC") ¶¶ 13, 15, ECF No. 37.) The flight was cancelled. (*Id.* ¶ 14.) Alfaro contacted Delta customer support, and Delta rebooked his flight for the following day. (*Id.* ¶¶ 14–15.) Alfaro stayed overnight at a nearby hotel before checking two pieces of luggage and boarding his flight to LAX on May 22, 2022. (*Id.* ¶¶ 16–17.) Rather than flying directly to LAX, Alfaro's route took him through the Atlanta and Sacramento airports before arriving at LAX. (*Id.* ¶ 15.)

Upon arriving at LAX, Alfaro found that one piece of his luggage was severely damaged. (*Id.* ¶ 19.) He filed a claim with Delta's baggage service agents at LAX, and Delta offered to replace the damaged luggage through a website link that Delta would provide within forty-eight hours. (*Id.* ¶¶ 20–21.) Once he returned home, Alfaro also discovered that some of his personal property had been stolen from the luggage. (*Id.* ¶ 23.) Alfaro did not receive a website link as promised, and accordingly, he emailed photos of the damaged luggage and other claim information to Delta's CEO. (*Id.* ¶¶ 22, 24–25.) A Delta claims manager responded with a "form letter" requesting photos and claim information. (*Id.* ¶¶ 26–27.) A few days later, Alfaro again emailed the CEO regarding his concerns and received no response. (*Id.* ¶¶ 29–30.)

In his initial Complaint, Alfaro brought claims for breach of contract and conversion against Delta. (*See* Compl. ¶¶ 30–43.) On October 12, 2022, the Court ordered Alfaro to show cause why (1) his conversion claim should not be dismissed as

insufficiently pleaded, and (2) the action should not be dismissed for lack of subject matter jurisdiction. (First Order Show Cause ("First OSC"), ECF No. 35.) As part of the First OSC, the Court provided Alfaro leave to amend his conversion claim. (*Id.* at 3.)

Alfaro availed himself of this leave and filed a First Amended Complaint, substituting the original conversion claim with a new trespass to chattel claim. (FAC ¶¶ 40–43.) The Court then ordered Alfaro to show cause as to the same two points: (1) the sufficiency of his trespass to chattel claim, and (2) the existence of subject matter jurisdiction. (Second OSC.) Alfaro filed a Response to the Second OSC on November 2, 2022. (Pl.'s Resp. Second OSC ("Resp." or "Response"), ECF No. 40.)

### III. LEGAL STANDARD

#### A. Failure to State a Claim

A trial court may dismiss a claim sua sponte under Federal Rule of Civil Procedure ("Rule") 12(b)(6). *Omar v. Sea-Land Serv., Inc.*, 813 F.2d 986, 991 (9th Cir. 1987) (citing *Wong v. Bell*, 642 F.2d 359, 361–62 (9th Cir. 1981)). Unless it is apparent that the plaintiff "cannot possibly win relief," sua sponte dismissal is appropriate only after providing the parties an opportunity to be heard. *Wong*, 642 F.3d at 361–62.

Under Rule 12(b)(6), a court may dismiss a claim based on the lack of a cognizable legal theory or the absence of sufficient factual allegations under such a theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988). To survive dismissal, a complaint need only satisfy "the minimal notice pleading requirements of Rule 8(a)(2)"—"a short and plain statement of the claim." *Porter v. Jones*, 319 F.3d 483, 494 (9th Cir. 2003) (citing Fed. R. Civ. P. 8(a)(2)). However, the "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Accordingly, the complaint must "contain sufficient factual matter, accepted as true, to state a claim to

relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted).

The determination of whether a complaint satisfies the plausibility standard is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679. In making its determination, a court is generally limited to the pleadings and must construe "[a]ll factual allegations set forth in the complaint . . . as true and . . . in the light most favorable" to the plaintiff. *Lee*, 250 F.3d at 679 (internal quotation marks omitted) (quoting *Epstein v. Wash. Energy Co.*, 83 F.3d 1136, 1140 (9th Cir. 1996)). Although a court must view these allegations in the light most favorable to the plaintiff, it is not required to blindly accept "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).

**B.    Subject Matter Jurisdiction**

Federal courts have subject matter jurisdiction only as authorized by the Constitution and Congress. U.S. Const. art. III, § 2, cl. 1; *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Federal courts have original jurisdiction over actions that arise under federal law. 28 U.S.C. § 1331. An action arises "under federal law within the meaning of § 1331" if a well-pleaded complaint establishes "either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Empire Healthchoice Assurance, Inc. v. McVeigh*, 547 U.S. 677, 689–90 (2006) (internal quotation marks omitted) (quoting *Franchise Tax Bd. of Cal. v. Constr. Laborers Vacation Tr. for S. Cal.*, 463 U.S. 1, 27–28 (1983)).

Federal courts also have an independent obligation to determine whether subject matter jurisdiction exists, "even when no party challenges it." *Hertz Corp. v. Friend*, 559 U.S. 77, 94 (2010). If a court determines at any time that no basis for

subject matter jurisdiction exists, then it must dismiss the action. Fed. R. Civ. P. 12(h)(3).

### IV. DISCUSSION

Alfaro fails to sufficiently respond to the Court's Second OSC regarding the legal sufficiency of his trespass to chattel claim, and accordingly, the Court dismisses his trespass to chattel claim pursuant to Rule 12(b)(6). The Court further finds that Alfaro fails to demonstrate this Court's subject matter jurisdiction over this action.

#### A. Failure to State a Claim

Alfaro brings a trespass to chattel claim against Delta, alleging that Alfaro owned or had a right to possess "monies or property" that Delta unlawfully took. (FAC ¶ 41.) In the Second OSC, the Court expressly set forth the reason why Alfaro's trespass to chattel claim appeared insufficient under the pleading requirements set forth in *Twombly* and *Iqbal* and ordered Alfaro to show cause why the claim should not be dismissed. (*See* Second OSC 1.) In his Second OSC Response, Alfaro makes no attempt whatsoever to defend his trespass to chattel claim, effectively ignoring the Court's directive on the issue. Based on Alfaro's failure to provide a response to the concerns expressly set forth in the Court's Second OSC, the Court finds it appropriate to dismiss the trespass to chattel claim pursuant to Rule 12(b)(6).

The Court's own analysis confirms that Alfaro fails to allege sufficient facts in support of his trespass to chattel claim. (*See* FAC ¶¶ 40–43.) Under California law, "trespass to a chattel may be committed by intentionally (a) dispossessing another of the chattel, or (b) using or intermeddling with a chattel in the possession of another." *Variant Displays, Inc. v. Absolute Exhibits, Inc.*, 8:15-cv-01685-CJC (JCGx), 2016 WL 7486282, at *2 (C.D. Cal. May 31, 2016) (quoting *Jamgotchian v. Slender*, 170 Cal. App. 4th 1384, 1400–01 (2009)).

Here, Alfaro ambiguously alleges that he owned "monies or property" that Delta wrongfully took for its personal use. (*Id.* ¶¶ 41–42.) This allegation, like the

remaining allegations found under the trespass to chattel claim, is boilerplate and conclusory, and is not tethered to any well-pleaded factual allegation. For example, it is not clear whether "monies or property" refers to the cost of the ticket or Alfaro's luggage or both. If the answer is luggage, Alfaro further fails to specify whether he is referring to damage to the luggage or loss of personal property (and if so, what personal property in particular). The result is that Alfaro's FAC fails to provide Delta with notice of the nature of the claim, and his allegations do not raise his right to relief above the speculative level as required to survive dismissal. *Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 557.

Alfaro's failure to cure these deficiencies in the face of multiple opportunities to do so confirms for the Court that dismissing this claim is the appropriate action. Thus, the Court dismisses Alfaro's trespass to chattel claim, leaving the breach of contract claim as the sole remaining claim at issue.

**B.  Subject Matter Jurisdiction**

Alfaro alleges this Court has subject matter jurisdiction over his breach of contract claim based on the preemptive force of 49 U.S.C. § 41713. (FAC ¶ 1.) In the alternative, he argues that the Court has subject matter jurisdiction because his breach of contract claim arises under or presents a substantial question of federal law in that Delta violated several federal regulations in connection with its breach of contract. (*See generally* Resp.) The Court disagrees with both contentions.

*1.  The ADA does not preempt Alfaro's contract claim.*

At first, Alfaro alleged and argued that § 41713, a part of the Airline Deregulation Act of 1978 ("ADA"), provides federal courts with "sole"—that is, exclusive—jurisdiction over his claims.[1] (*See* Compl. ¶¶ 1–2; *see also* Mot. Strike Answer 4, ECF No. 14.) However, § 41713 merely provides that federal law preempts state laws related to the "price, route, or service of an air carrier." *See*

---

[1] Alfaro appears to have retreated from this assertion, apparently conceding that there is no exclusive jurisdiction in acknowledging that "there may well be an argument under Wolens that California state courts have concurrent jurisdiction." (Resp. 2.)

49 U.S.C. § 41713. And while the fact that a state-law claim is preempted by federal law generally provides courts with federal question jurisdiction over the claim, *see Franchise Tax Bd. of State of Cal. v. Constr. Laborers Vacation Tr. for S. Cal.*, 463 U.S. 1, 23 (1983), the preemption mechanism of § 41713 does not, either on its face or by implication, confer federal courts with *exclusive* jurisdiction over any claims.

Not only does 49 U.S.C. § 41713 fail to provide a basis for exclusive jurisdiction; it fails to provide a basis for subject matter jurisdiction whatsoever, because Alfaro's breach of contract claim is not preempted by § 41713 or any other part of the ADA. Although the Supreme Court broadly interpreted the ADA to preempt any state law claim that has a connection with airline "rates, routes, or services," *see Morales v. Trans World Airlines, Inc.*, 504 U.S. 374, 384 (1992), the Court also recognized that the breach of "privately ordered obligations" between airlines and customers falls outside the ADA's preemption, *Am. Airlines, Inc. v. Wolens*, 513 U.S. 219, 228–29 (1995). In other words, the ADA's preemption does not prevent states "from affording relief to a party who claims and proves that an airline dishonored a term the airline itself stipulated." *Id.* at 232–33; *see Hickcox-Huffman v. US Airways, Inc.*, 855 F.3d 1057, 1062 (9th Cir. 2017) ("States may not impose their own rules regarding fares, routes, or services, but may afford relief for breaches of obligations the airlines voluntarily undertook themselves, even when the obligations directly relate to fares, routes, and services."). Thus, the ADA does not preempt a state-law contract claim (and federal question jurisdiction does not lie) where the claim merely seeks a "remedy confined to a contract's terms [that] simply holds parties to their agreements." *Wolens*, 513 U.S at 229; *see Nw., Inc. v. Ginsberg*, 572 U.S. 273, 284 (2014).

Here, Alfaro's claim concerns alleged breaches of the carriage contract that governs his agreement with Delta. (FAC ¶¶ 31–39.) This is no more and no less than a breach of contract claim based on the "privately ordered obligations" of the parties. *Wolens*, 513 U.S at 228–29. Accordingly, the ADA does not preempt Alfaro's breach

of contract claim. This means that federal preemption does not provide the Court with federal question jurisdiction in this case.

        2.     *Alfaro's contract claim neither arises under nor presents a substantial question of federal law.*

More broadly, Alfaro's breach of contract claim neither arises under nor presents a substantial question of federal law because "state law claims that simply 'center[] upon the contract and its construction rather than the [federal] statutory basis for the contract' do not present federal questions." *Osceola Blackwood Ivory Gaming Grp., LLC v. Picayune Rancheria of Chukchansi Indians*, 272 F. Supp. 3d 1205, 1215 (E.D. Cal. 2017) (quoting *Littell v. Nakai*, 344 F.2d 486, 487–88 (9th Cir. 1965)). Although Alfaro argues that Delta violated several federal regulations, the contract claim Alfaro asserts in his First Amended Complaint is not based on federal regulations but instead is based on the common law, and Alfaro fails to otherwise demonstrate that his breach of contract claim presents substantial questions of federal law. (*See* Resp.)

By his argument, Alfaro suggests that a breach of contract case raises a federal question merely because a party violated federal regulations in the breaching of the contract. (*See id.*) But this argument runs counter to the principle that, in determining if federal question jurisdiction exists, the plaintiff is the "master of his complaint" and may choose to include or omit causes of action based on federal law. *Newtok Vill. v. Patrick*, 21 F.4th 608, 616 (9th Cir. 2021). Here, Alfaro has chosen to assert a common law cause of action arising under state law; Alfaro does not assert causes of action based on federal regulations. And "mere reference of a federal statute in a pleading"—or, as here, an OSC response—"will not convert a state law claim into a federal cause of action if the federal statute is not a necessary element of the state law claim and no preemption exists." *Id.* (quoting *Easton v. Crossland Mortg. Corp.*, 114 F.3d 979, 982 (9th Cir. 1997) (per curiam)). Consequently, the Court finds that

Alfaro fails to demonstrate that this Court has federal question jurisdiction over Alfaro's breach of contract claim.

Alfaro fails to establish that this court has subject matter jurisdiction over this action, and the Court therefore dismisses the case.

### C. Character of Dismissal: Without Leave to Amend and Without Prejudice

The Court has already provided Alfaro with opportunities amend his pleadings, both to invoke a federal question and to state valid claims. (*See* First OSC; Second OSC.) Moreover, Alfaro does not currently request leave to amend, nor does he propose any further allegations that would either cure his trespass to chattel claim or provide this Court with subject matter jurisdiction. (*See generally* Resp.)

"The district court's discretion to deny leave to amend is particularly broad where plaintiff has previously amended the complaint." *Allen v. City of Beverly Hills*, 911 F.2d 367, 373 (9th Cir. 1990) (quoting *Ascon Props., Inc. v. Mobil Oil Co.*, 866 F.2d 1149, 1160 (9th Cir. 1989)). Here, given the unique procedural posture of this case, it is appropriate to dismiss the trespass to chattel claim without leave to amend and without prejudice. As to subject matter jurisdiction, it is also appropriate to dismiss the First Amended Complaint without leave to amend the jurisdictional allegations and without prejudice to filing this case in state court. This disposition provides Alfaro with the opportunity to re-plead the trespass to chattel claim should he choose to re-file his case in state court, and it also prevents him from re-asserting any claim before this Court, where Alfaro has failed to demonstrate the Court's subject matter jurisdiction over the case.

///
///
///
///
///
///

## V. CONCLUSION

For these reasons, the Court **DISMISSES** Alfaro's trespass to chattel claim pursuant to Rule 12(b)(6), **without leave to amend and without prejudice**. Moreover, the Court **DISMISSES** the entire action **WITHOUT PREJUDICE** for lack of subject matter jurisdiction. All dates and deadlines are **VACATED**. The Clerk of the Court shall close the case.

**IT IS SO ORDERED.**

December 9, 2022

_____
**OTIS D. WRIGHT, II**
**UNITED STATES DISTRICT JUDGE**